IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. BYRD, | No. C 07-0355 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT A. HOREL, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. It was stayed at petitioner's request to allow him to exhaust several claims in state court. His subsequent motion to lift the stay and reopen the case, filed after completion of state court proceedings, was granted, and he was ordered to file an amended complaint containing all the claims he wishes to present. He has filed the amendment, which now will be screened to determine if an order to show cause should issue.

**STATEMENT**

A jury convicted petitioner of corporal injury of a cohabitant, *see* Cal. Penal Code § 273.5 (a), enhanced by a finding of personal infliction of great bodily injury under circumstances involving domestic violence, *see* Cal. Penal Code § 12022.7(e), and of battery with serious bodily injury, *see* Cal. Penal Code § 243(d). Defendant admitted seven prior convictions, and four prior prison terms, *see* Cal. Penal Code § 667.5 (b). *People v. Byrd*, 2006 WL 1493795 at *1 (Cal. App. 2006). With sentencing enhancements, he was sentenced to thirteen years in prison. His conviction was affirmed on direct appeal by the California Court of

1  Appeal, and the California Supreme Court denied review.  He also filed state habeas petitions,
2  which were denied.

### DISCUSSION

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the prosecutor committed misconduct by misstating the law in closing argument, and as a result petitioner was convicted on an inadequate legal theory; (2) trial counsel was ineffective in not objecting to the prosecutor's misstatement; (3) there was insufficient evidence on the element of permanence in the crime of committing corporal injury on a cohabitant; (4) counsel was ineffective in failing to object to imposition of the upper term and in waiving petitioner's right to a jury trial on aggravating factors; and (5) his due process rights were violated when the sentencing court did not comply with California's prohibition on dual use of facts and used the same facts to impose the upper term on both offenses.  These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November  21 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\BYRD355.OSC2.wpd