1
2
3
4
5
6                            IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    KENNETH R. BYRD,                              No. C 07-0355 WHA (PR)

10                  Petitioner,                    **ORDER DENYING PETITION FOR
                                                   WRIT OF HABEAS CORPUS**
11        v.

12   ROBERT A. HOREL, Warden,

13                  Respondent.
                                              /
14

15

16                                      **INTRODUCTION**

17         This is a habeas case filed pro se by a state prisoner pursuant to 28 U.S.C. 2254.

18   Respondent was ordered to show cause why the writ should not be granted based on the five

19   claims in the petition.  Respondent has filed an answer and a memorandum of points and

20   authorities in support of it, petitioner has filed a traverse.  For the reasons set forth below, the

21   petition is **DENIED**.

22                                       **STATEMENT**

23         In 2005, petitioner was convicted by a jury of corporal injury of a cohabitant (Cal. Pen.

24   Code, § 273.5 (a)).  The jury also found the enhancements of personal infliction of great bodily

25   injury under circumstances involving domestic violence (Cal. Pen. Code, § 12022.7 (e)) and of

26   battery with serious bodily injury (Cal. Pen. Code § 243 (b)) to be true.  The state trial court

27   struck several of petitioner's priors for the purposes of sentencing, stayed the sentence on the

28   battery count, and sentenced petitioner to a term of thirteen years in prison.  This sentence

**United States District Court**
For the Northern District of California

consisted of four years for the conviction of injuring a cohabitant, five years for the personal

infliction of great bodily injury enhancement, and one year for each of the four prior prison

terms.

On May 31, 2006, the California Court of Appeal affirmed the judgment (Exh. F).  The

California Supreme Court denied petitioner's petition for review on September 13, 2006 (Exh.

H).  Petitioner filed the instant amended federal habeas petition on November 12, 2008.

The following background facts describing the crime are taken from the opinion of the

California Court of Appeal:

> Defendant punched Q.W. in the face on October 31, 2004, breaking her jaw.  The
> incident occurred at Q.W.'s townhouse, where defendant had been living with Q.W.
> and her three daughters since about August 20, 2004.  Q.W. testified that they were
> boyfriend and girlfriend, and had an intimate physical relationship, while they lived
> together.  Defendant moved his clothes and furniture into the townhouse, and "might
> have stayed out one or two nights," but otherwise slept there every night during this
> period.  The lease and utilities were in Q.W.'s name, and defendant did not help pay for
> food or rent.  The punch was thrown while defendant and Q.W. were arguing after she
> told him to move out of her place.  They had previously argued that day when
> defendant complained that Q.W. was late in picking up his daughter for a birthday
> party.
>
> A police officer who responded to Q.W.'s 911 call after the incident testified that Q.W.
> was "fairly adamant" when he spoke with her that defendant was just a friend, not a
> boyfriend.  Q.W. testified that she initially denied having an intimate relationship with
> defendant because his name was not on the lease, and she was worried about being
> evicted from public housing if the nature of their relationship was disclosed.
>
> Defendant sent Q.W. a Valentine card from jail, asking for her forgiveness.

(Exh. F at 2 (footnote omitted)).

## ANALYSIS

### A.   STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the

basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law

and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**B.    ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner's remaining claims are that: (1) the

prosecutor committed misconduct by misstating the law in closing argument, and as a result petitioner was convicted on an inadequate legal theory; (2) trial counsel was ineffective in not objecting to the prosecutor's misstatement; (3) there was insufficient evidence on the element of permanence in the crime of committing corporal injury of a cohabitant; (4) counsel was ineffective in failing to object to his sentence to the upper term of five years on the conviction for corporal injury of a cohabitant and the upper term of four years on the enhancement for great bodily injury and in waiving petitioner's right to a jury trial on aggravating factors; and (5) his due process rights were violated when the sentencing court violated California's prohibition on dual use of facts by using the same facts to impose the upper term on both the conviction for corporal injury of a cohabitant and the enhancement for great bodily injury.

### 1.     Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct by giving the jury the wrong definition of cohabitating during closing arguments. CALJIC No. 9.35 defines cohabiting as "unrelated persons living together in a substantial relationship–one shown at least by permanence and sexual or amorous intimacy." In closing argument, the prosecutor made the following statement regarding CALJIC No. 9.35:

> "[it] doesn't say there has to be permanence. Cohabitating means unrelated persons living together in a substantial relationship, one shown at least by permanence and sexual or amorous intimacy, meaning it could be any of those things, if they are living together, and that's what they were doing"

(Exh. B at 581-82). The jury instruction in the present case stated that "Cohabitant means two unrelated adult persons living together for a substantial period of time, resulting in some permanency of relationship" (*id.* at 606).

Prosecutorial misconduct is cognizable in federal habeas corpus. The appropriate standard of review is the narrow one of due process and not the broad exercise of supervisory power. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." *See ibid.* Under *Darden*, the first issue is whether the prosecutor's remarks were improper; if so, the next question is whether such conduct infected the trial with unfairness. *Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005). A prosecutorial misconduct claim is decided "'on the merits,

examining the entire proceedings to determine whether the prosecutor's remarks so infected the

trial with unfairness as to make the resulting conviction a denial of due process.'" *Johnson v.*

*Sublett*, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted).

The prosecutor does appear to have misstated the law during closing arguments.  She

properly quoted CALJIC No. 9.35 in saying that cohabitation is "unrelated persons living

together in a substantial relationship, one shown at least by permanence and sexual or amorous

intimacy" (Exh. B at 581-82).  However, the prosecutor went on to state that cohabitation could

be met by any of "those things," presumably meaning that cohabitation exists if either

permanence or sexual or amorous intimacy exists (*see ibid.*).  This was an incorrect statement of

California law, which requires that there be permanency for there to be cohabitation.  See

CALJIC No. 9.35.  A prosecutor's mischaracterization of a jury instruction, as opposed to an

erroneous instruction by the trial court, is less likely to render a trial fundamentally unfair

because

> arguments of counsel generally carry less weight with a jury than do instructions
> from the court.  The former are not evidence, and are likely viewed as the
> statements of advocates; the latter, we have often recognized, are viewed as
> definitive and binding statements of the law.  Arguments of counsel which
> misstate the law are subject to objection and to correction by the court.  This is
> not to say that prosecutorial misrepresentations may never have a decisive effect
> on the jury, but only that they are not to be judged as having the same force as an
> instruction from the court.

*Boyde v. California*, 494 U.S. 370, 384-85 (1989) (citations omitted).  Here, the California Court

of Appeal determined that the trial court correctly instructed the jury as to the definition of

cohabitation, a determination of state law is binding on federal habeas review.  *See Hicks v.*

*Feiock*, 485 U.S. 634, 629, 30 n.3 (1988).  Indeed, the trial court's instructions specifically stated

that cohabitation required "permanency of relationship," and thereby remedied the prosecutor's

misstatement in closing argument (Exh. B at 606).  Consequently, the trial was not

fundamentally unfair in violation of petitioner's right to due process, and the state court's denial

of petitioner's claim was neither an unreasonable application of or contrary to clearly established

federal law and petitioner is not entitled to habeas relief on this claim.

### 2.    Ineffective Assistance of Counsel – Prosecutor's Argument

Petitioner claims that his trial counsel was ineffective in not objecting to the prosecutor's alleged misstatement of the law.  A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms.  *Id.* at 687-88.  Also, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies.  *Id.* at 697.  As discussed above, the trial court remedied the prosecutor's misstatement of the law by instruction the jury of the correct definition of cohabitation.  *See Boyde*, 494 U.S. at 384-85. Consequently there is no reasonable likelihood that counsel's failure to object to the prosecutor's statement made a different in the outcome of the case.  As petitioner was not prejudiced by counsel's failure to object to the prosecutor's argument, he is not entitled to habeas relief on his claim of ineffective assistance of counsel.

### 3.    Insufficiency of Evidence on Element of Permanence

Petitioner claims that there was insufficient evidence on the element of permanence in his conviction for committing corporal injury of a cohabitant pursuant to Section 273.5(a) of the California Penal Code.  CALJIC No. 9.35 defines a cohabitant for purposes of Section 273.5(a) as "unrelated persons living together in a substantial relationship, one shown at least by permanence and sexual or amorous intimacy."

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  A state prisoner who alleges that the

evidence in support of his state conviction cannot be fairly characterized as sufficient to have led

a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional

claim, which, if proven, entitles him to federal habeas relief. *Jackson v. Virginia*, 443 U.S. 307,

321- 24 (1979).  Only if no rational trier of fact could have found proof of guilt beyond a

reasonable doubt, may the writ be granted. *Ibid.*

Petitioner argues that the evidence supported nothing more than a "casual sexual

relationship" (Am. Pet. at 6).  In fact, petitioner argues that there was no permanency, because

the relationship was just one in which petitioner and victim had sexual relations, petitioner lived

in the victim's townhouse for a short period of time (two months), they did not own property

together or share household expenses, and they did not hold themselves out as husband and wife

(*ibid.*).

The California Court of Appeal determined that the jury was reasonable in finding

permanence, explaining that under California law, the element of permanence in cohabitation

refers only to the underlying "substantial relationship" and not the actual living arrangement

(Exh. F at 3 (*citing People v. Moore*, 44 Cal. App. 4th 1323, 1334 (1996)).  And even "unstable

or transitory" living arrangements are enough for permanency to exist (*ibid.* (*citing People v.

Taylor*, 118 Cal. App. 4th 11, 19 (2004)).  The California Court of Appeal reasoned that under

California state law, it was a jury question whether or not petitioner and the victim were

cohabitating, and that the jury reasonably determined that there was cohabitation and

permanence, citing similar cases where cohabitation was found (*ibid.* (*citing People v. Holfield*,

205 Cal. App. 3d 993, 995-96 (1988) (cohabitation found where victim alone paid rent on the

motel room, during the months before the attack the defendant lived at other places for weeks at

a time, taking possessions when he left, and the two did not share living expenses)).

The California Court of Appeal reasonably determined that a reasonable jury could find

permanence in this case.  Petitioner argues that the short period of time (two months) precludes a

finding of cohabitation.  As explained by the California Court of Appeal, however, that does not

preclude permanence under California law where, as here, there is evidence that the underlying

relationship is substantial.  Here, the petitioner had fully moved into the victim's townhouse

*United States District Court*
For the Northern District of California

during that period, both petitioner and the victim acknowledged that they engaged in frequent

sexual relations, and petitioner apparently sent a valentine from jail where he referred to the

victim as "my love, my life, my wife" (Exh. F at 4).  Petitioner also argues that they did not

share household expenses, did not own property together, and did not hold themselves out as

man and wife.  Such facts does not preclude a finding of permanence under state law.  As the

California Court of Appeal reasonably found, the evidence of their substantial relationship

allowed a reasonable jury to determine that "despite the limited duration of the relationship" the

period that petitioner and the victim lived together was "sufficiently significant" to "establish

cohabitation for purposes of the statute" (*ibid*).  As there was sufficient evidence for a reasonable

jury to find permanence under California law, the state courts' denial of petitioner's claim of

insufficient evidence was neither contrary to nor an unreasonable application of federal law.

Petitioner cannot obtain habeas relief on this claim.

### 4.    Ineffective Assistance of Counsel at Sentencing

Petitioner claims that trial counsel was ineffective in failing to object to the imposition of

the upper terms on both his conviction for committing corporal injury on a cohabitant and on the

enhancement for inflicting great bodily injury.  Petitioner also argues that trial counsel was

ineffective in waiving petitioner's right to a jury trial on aggravating factors relied upon to

impose the upper terms.  Petitioner was sentenced to a total of thirteen years, which was made up

of four years on the conviction for corporal injury of a cohabitant, five years on the enhancement

for personal infliction of great bodily injury, and four years for the enhancements for four prison

priors (Exh. G at 1).

As discussed above, in order to prevail on a claim of ineffective assistance of counsel,

petitioner must establish that counsel's performance was deficient and that petitioner was

prejudiced by counsel's deficient performance.  *Strickland*, 466 U.S. 668.  First, petitioner

claims that counsel was ineffective at sentencing by failing to object to the upper terms on the

conviction for committing corporal injury on a cohabitant and on the sentence enhancement for

inflicting great bodily injury.  During sentencing, counsel did in fact oppose the upper terms,

advocating that petitioner receive "probation with drug conditions" or, in the alternative,

United States District Court

For the Northern District of California

"something less than the aggravated term" (Exh. B at 677).  Petitioner makes no argument as to what other objections counsel should have made, nor how any such objections might have made a difference in the outcome of his sentence.  It is possible that petitioner is arguing that counsel should have objected to the upper terms on the grounds that the aggravating factors were not found by a jury.  For the reasons discussed below, however, such an objection would have been without merit, and counsel cannot be found ineffective for failing to make a meritless objection. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).  Therefore, petitioner has not shown that trial counsel was ineffective in failing to object to the upper terms in his sentence.

Second, petitioner argues that trial counsel "impermissibly waived" petitioner's right to have a jury determine aggravating factors and that petitioner's "right to jury trial was accomplished without his personal waiver" (Am. Pet. at 7).  In *Apprendi*, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466.  In *Blakely*, the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  *Blakely v. Washington*, 542 U.S. 296, 303.  This means that "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum."  *Cunningham v. California*, 127 S. Ct. 856, 868 (2007).  In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.'" *Ibid.* (quoting *Apprendi*, 530 U.S. at 490).

There was no constitutional error in imposing the upper term on the conviction for committing corporal injury on a cohabitant or on the sentence enhancement for inflicting great bodily injury.  The Ninth Circuit has recognized that the there is exception to the general rule in *Apprendi* providing that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt, applies. *Butler v Curry*, 528 F.3d 624, 643-44 (9th

Cir. 2009).  Here, petitioner was sentenced to the upper terms based on, among other things, his prior felony convictions (Exh. B at 680).  Under the exception for aggravating factors based upon a prior conviction, therefore, the Sixth Amendment did not require that a jury find that petitioner suffered a prior conviction and the trial court could rely on its own finding of this aggravating circumstance in sentencing petitioner to the upper terms.

The fact that the trial court also found additional aggravating circumstances – such as petitioner's status on parole and probation at the time he committed the offense, that he had served four prior prison terms, and that the victim was particularly vulnerable – does not alter this conclusion (Exh. B at 680-84).  "[U]nder California law, only one aggravating factor is necessary to set the upper term as the maximum sentence."  *Butler*, 528 F.3d at 641.  "[I]f at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution."  *Id.* at 643.  Therefore, as it was within the trial court's discretion to sentence petitioner to the upper terms based solely upon his prior conviction, petitioner's sentence is constitutional irrespective of "[a]ny additional factfinding" with respect to additional aggravating circumstances.  *See ibid.*  Because the trial court relied upon at least one factor established in a manner consistent with the Sixth Amendment, the sentence petitioner received did not violate his Sixth Amendment right to a jury.

Counsel could not have been ineffective in "waiving" the right to a jury determination of the aggravating factors relied upon to impose the upper terms where petitioner had no such right.  Consequently, the state courts' rejection of petitioner's claim of ineffective assistance of counsel at sentencing was not contrary to, or an unreasonable application of, clearly established federal law, and petitioner is not entitled to habeas relief on this claim.

**5.**     **Due Process during Sentencing**

Petitioner claims that his sentence is unlawful because the sentencing court did not comply with California's prohibition on dual use of facts and used the same facts to impose the upper term on both the enhancement for personal infliction of great bodily injury and the conviction for corporal injury of a cohabitant (Am. Pet. at 7-8).

**United States District Court**
For the Northern District of California

1  The constitutional guarantee of due process is fully applicable at sentencing. *See*

2  *Gardner v. Florida*, 430 U.S. 349, 358 (1977).  A federal court may vacate a state sentence

3  imposed in violation of due process if a state trial judge imposed a sentence in excess of state

4  law. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1988).  The sentence in this case did not

5  exceed that permitted by California law, however.  Petitioner is correct in that under California

6  law, there are some prohibitions against using the same fact multiple times in imposing a

7  sentence. *See, e.g., People v. Reeder*, 152 Cal.App.3d 900, 919 (1984) (the same factor may not

8  be used both to aggravate one term and to justify consecutive sentences on two or more counts).

9  However, there is no prohibition on using the same fact to impose more than one upper term.

10  *People v. Robinson*, 11 Cal. App. 4th 609, 616 (1992).  Consequently, under California law, the

11  trial court could use the same fact to impose the upper term on both the conviction for

12  committing corporal injury on a cohabitant and on the sentence enhancement for inflicting great

13  bodily injury.  As the sentence petitioner received did not exceed that permitted by state law,

14  there was no due process violation and petitioner is not entitled to habeas relief granted on this

15  claim.

16  **CONCLUSION**

17  The petition for a writ of habeas corpus is **DENIED**.

18  Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

19  rule on whether a petitioner is entitled to a certificate of appealability in the same order in which

20  the petition is denied.  Petitioner has failed to make a substantial showing that his claims

21  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

22  find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484

23  (2000).  Consequently, no certificate of appealability is warranted in this case.

24  The clerk shall close the file.

25  **IT IS SO ORDERED.**

26  Dated: August __9__, 2010.

27  WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.07\BYRD355.RUL.wpd